IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

MAR 1 2 1999

ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

    Civil No. 98-01176 JC/WWD
    Crim. No. 95-330 JC

ELVIS ROBERT SEDILLO,

    Defendant/Petitioner.

## MEMORANDUM OPINION AND ORDER SETTING EVIDENTIARY HEARING

On November 16, 1998, Petitioner filed a Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody. Petitioner, who was convicted of carjacking resulting in death after a guilty plea, was sentenced to life imprisonment, on May 20, 1996, and on March 12, 1998, his conviction was affirmed on appeal. The present motion seeks to set aside the plea and conviction. The Court of Appeals for the Tenth Circuit found that Petitioner's plea was properly entered under Fed R. Cr. P. 11(e)(1)(C), and that the sentencing court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. No other grounds were raised on appeal.

Under the terms of the Plea Agreement, the Petitioner waived his right to challenge his sentence or the way in which it was imposed unless the sentence imposed was above the indicated guideline range, which Petitioner was advised and he apparently understood that the



sentence to be imposed would be from 360 months to life. At the time of the plea, the Court found Petitioner to be fully competent and capable of entering an informed plea. At the plea hearing the sentencing judge found that the plea was knowing and voluntary, and the finding as to voluntariness was reiterated at the time the motion to withdraw the pleas was denied.

In the present motion, Petition argues that he received ineffective assistance from his counsel for the following reasons, to wit:

> (1) Counsel failed to provide the Court with available psychological reports which indicated that Petitioner has diminished mental capacity.
>
> (2) Counsel failed to provide the Court with full and complete information about Petitioner's background including the fact that Petitioner suffered from child abuse and neglect, and that Petitioner had a documented history of mental health and mental retardation problems.
>
> (3) Counsel failed to raise issues about an allegedly coerced confession, induced by "unsubstantiated overwhelming hearsay by co-defendants."
>
> (4) Counsel allowed Petitioner to enter a plea of guilty knowing that Petitioner has diminished mental capacity and that Petitioner displayed signs of mental retardation.
>
> (5) Counsel failed to raise on appeal the issue of ineffective assistance of counsel based on the matters set out in (1) - (4) above.

Ineffective assistance of counsel is a matter "properly left to collateral proceedings," thus petitioner's claim is not "complicated by procedural bar concerns." United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996) (citing United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995)).

Petitioner's allegations necessarily go outside the record before us. Additional evidence is required to address Petitioner's allegations that ineffective assistance of counsel played a part in Petitioner's acceptance of the plea agreement and plea.

WHEREFORE,

IT IS ORDERED that an evidentiary hearing will be held before the undersigned on **MONDAY, MAY 10, 1999, AT 9:30 A.M.**, with two and one-half hours allotted for the hearing, in the Hondo Courtroom , 4th floor, United States Courthouse, 333 Lomas Blvd. N.W., Albuquerque, New Mexico.

_____
UNITED STATES MAGISTRATE JUDGE